UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:11CR180 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| GEORGE A. PHILLIPS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Michael McMichael for a bill of particulars and for notice of intent to use evidence.[1] (Doc. No. 15.) The government opposes the motion (Doc. No. 35), and defendant McMichael has filed a reply. (Doc. No. 40.) Because the Court finds that the indictment as a whole sufficiently apprises the defendants of the charges that they are facing to permit them to prepare a defense and avoid surprise at trial, and to protect against double jeopardy, the request for a bill of particulars is substantially denied. The Court shall, however, compel the government to identify the date in which defendant McMichael is alleged to have entered each conspiracy identified in the indictment or, alternatively, file a brief with the Court explaining why such information cannot be supplied.

---

[1] In its response brief, the government "gives notice that it intends to use any and all physical evidence in its possession, including court authorized interceptions (wire taps), documents seized pursuant to search warrant, and produced pursuant to subpoena." (Doc. No. 35 at 1.)

On April 27, 2011, the government filed a five-count indictment against defendant McMichael and defendant George Phillips. The indictment was the latest in a string of indictments growing out of an expansive federal investigation, conducted over a number of years, into allegations of public corruption and conspiracy in Cuyahoga County, Ohio. By this charging document, the government alleged that defendant Phillips, who was, at all times relevant to the indictment, the executive director of the Cuyahoga Metropolitan Housing Authority (CMHA), conspired with defendant McMichael, William Neiheiser, and others to steer federal funds slated for public housing improvement projects toward the businesses associated with McMichael and Neiheiser.[2] Phillips and McMichael were charged with conspiracy to commit bribery in federally funded programs, in violation of 18 U.S.C. § 371, conspiracy to commit wire fraud and honest services wire fraud, 18 U.S.C. §§ 1343 and 1346, in violation of 18 U.S.C. § 1349, and Hobbs Act violations, 18 U.S.C. §§ 1951 and 2. Defendant Phillips was also charged with one count of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. §§ 666(a)(1)(B) and (2), and making false statements to law enforcement, in violation of 18 U.S.C. § 1001.

By his motion, defendant McMichael seeks particularity as to the following: (1) the exact dates of defendant McMichael's participation in the alleged criminal activities charged in Counts I, III and IV of the indictment; (2) all alleged

---

[2] The indictment provides that Defendant McMichael was "an employee of Business 31, which was an international provider of building control, energy management, fire safety and security system products and solutions. (Indictment at ¶ 5.) Neiheiser, who was not changed in the present indictment, was "president and chief executive officer of Reliance Mechanical ("Reliance"), a heating, air conditioning, and plumbing contracting company located in Cleveland, Ohio." (*Id*. at ¶ 6.)

criminal activity of defendant McMichael not already indentified in but the subject of Counts I, III and IV of the indictment; (3) the identity of each alleged co-conspirator involved in the conspiracies charged in Counts I and IV of the indictment and acts by them in furtherance of the conspiracies; (4) the substance of the June 18, 2008 and May 23, 2008 phone calls identified in paragraph 29 of the indictment and defendant McMichael's participation in each call; and (5) any links of defendant McMichael to the air conditioning units and system referenced in paragraphs 16A and B of the indictment.

**Analysis**

Rule 7(F) provides for the filing of a request for a bill of particulars. Fed. R. Crim. P. 7(f). "The function of a bill of particulars is 'to minimize surprise and assist [the] defendant in obtaining information needed to prepare a defense and to preclude a second prosecution for the same crimes.'" *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (quoting *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). "Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 Fed. Appx. 706, 724 (6th Cir. 2008) (citing FEDERAL PRACTICE & PROCEDURE § 129); see *United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988) ("The ultimate test must be whether the information sought is necessary, not whether it is helpful.")

"A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial[,]'" *Crayton*, 357 F.3d at 568 (quoting *Salisbury*, 983 F.2d at 1375), nor may a defendant use a bill of particulars to discover the government's legal theory of the case. *United States v.*

3

*Gabriel*, 715 F.2d 1447 (10th Cir. 1983); *United States v. Marks*, 364 F. Supp. 1022, 1030 (E.D. Ky. 1973), *aff'd*, 520 F.2d 913 (6th Cir. 1975), *rev'd on other grounds*, 430 U.S. 188 (1977). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars, *Salisbury*, 983 F.2d at 1375, and "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *suspended on other grounds by statute*, *United States v. Caselorente*, 220 F.3d 727 (6th Cir. 2000). Further, the decision to require a bill of particulars is left to the discretion of the trial court. *See Musick*, 291 Fed. Appx. at 723; *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993).

*1.  Exact Dates of Defendant McMichael's Participation in Criminal Activities*

In this case, the indictment provides substantial detail as to the involvement of each participant in the conspiracy, supplying dates, locations, and other specifics as to the overt acts. Specifically, the indictment provides considerable detail with respect to the conversations between the co-conspirators, often providing direct and complete quotes from these recorded conversations. Indeed, the indictment leaves little doubt as to the precise role each participant played in the conspiracy.

Notwithstanding this level of detail, defendant McMichael insists that he is entitled to the specific dates of any conduct attributed to him in Counts 1 and IV.[3] Defendant McMichael notes that, while the conspiracy in Count I is said to have lasted

---

[3] In addition, both defendants have already received significant discovery from the government. Defendant McMichael represents that, to date, he has received a terabyte of information from the government in discovery. As the Court was advised in the August 22, 2011 telephonic conference in this matter, the government's discovery was accompanied by an index, which identified the participants in each recorded conversation.

from Spring 2007 through September 2008, there is no mention of any involvement by defendant McMichael during this time period, except during the months of April through August 2008. Similarly, he notes that while the conspiracy in Count IV is alleged to have run from November 2007 through June 10, 2009, the only participation by defendant McMichael mentioned in the indictment is a May 23, 2008 phone conversation with defendant Phillips, Neiheiser, and an unidentified individual.

The Court is perplexed by this request. Even a cursory reading of the indictment demonstrates that it is replete with specific references to conversations between McMichael and others regarding the public works project that is at the heart of the alleged conspiracies.[4] These references include the specific dates in which defendant McMichael is believed to have participated in certain conversations or taken certain action. The allegations relating to these overt acts, which are set forth in detail in Count 1, are re-alleged in Count IV.

The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. *See, e.g., United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators). However, the failure to provide the precise dates of a conspiracy is not error where "the indictment [is] not so vague that [the defendant cannot] discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with

---

[4] Defendant McMichael really appears to be challenging the sufficiency of the indictment, questioning whether it states an offense against him for conspiracy. Of course, a bill of particulars cannot cure an otherwise defective indictment, *see United States v. Sturman*, 951 F.2d 1466, 1479 (6th Cir. 1991) (citing *Russell v. United States*, 369 U.S. 749, 769-70 (1962)), and such an issue is not properly raised in a motion for particularity.

adequate information to prepare a defense." *United States v. Hayes*, 1989 U.S. App. LEXIS 13919, at *9 (6th Cir. Sept. 14, 1989) (describing a request by the defendant for every detail about the conspiracy, including the date in which he joined it, as an improper request for general discovery).

Here, the conspiracies are alleged to have lasted a relatively short period of time, less than two years, involved a specific, identifiable public works project, and the detail in the indictment, including specific dates of the overt acts, is so specific that defendant McMichael should be able to obtain the information needed to provide a defense and prevent the danger of a second prosecution on similar crimes. *See United States v. Barba*, No. 3:08CR46, 2008 U.S. Dist. LEXIS 96971, at *10-*11 (E.D. Tenn. Nov. 28, 2008) (bill of particulars requiring the clarification of dates unnecessary where the conspiracy lasted only seven months and indictment was not vague); *compare United States v. McGhee*, 3:06CR19, 2007 U.S. Dist. LEXIS 32096, at *8 (E.D. Tenn. May 1, 2007) (motion for bill of particulars granted as to the date of the conspiracy where the conspiracy was alleged to have lasted from January 2000 to approximately November 2005, and the defendant's involvement in the conspiracy was a time period short than the entire conspiracy). As such, defendant McMichael is not entitled to this information.

Nonetheless, because the indictment fails to mention defendant McMichael's involvement in the conspiracies prior to April 2008, the Court finds it appropriate to compel the government to identify the date in which defendant McMichael joined each conspiracy identified in the indictment. *See, e.g., McGhee,* 2007 U.S. Dist. LEXIS 32096, at *8. As such, this portion of the motion is conditionally granted, in part, as set forth in the conclusion.

*2. Alleged Criminal Activity Not Identified in the Indictment*

Defendant McMichael also seeks to learn all of the alleged criminal activity which is attributed to him, but not otherwise set forth in the indictment. The Sixth Circuit rule is that "a defendant is not entitled to discover all the overt acts that might be proven at trial." *Salisbury*, 983 F.2d at 1375; *see, generally, United States v. Nyhuis*, No. G89-178CR, 1990 U.S. Dist. LEXIS 2984, at *2 (W.D. Mich. Mar. 14, 1990) (citing *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) ("courts routinely hold that defendants are not entitled to know the essential facts regarding the existence and formation of a conspiracy, or the substance of all overt acts which the government might seek to prove at trial")). While defendant McMichael complains that he should not have to answer for unspecified criminal behavior, the Court does not believe that his ability to defend the charges against him will be hampered merely because he does not know each and every criminal act that may be attributed to the overall conspiracies alleged in the indictment. Given the level of specificity in the indictment, the Court finds that the government need not further specify each of the alleged criminal acts defendant McMichael is believed to have committed.

*3. Identity of Each Alleged Co-Conspirator*

It is well settled that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citing *Rey*, 923 F.2d at 1222). Further, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." *Perkins*, 994 F.2d at 1190. In *Rey*, the Sixth Circuit explained:

7

> A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. [internal citations omitted] As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

*Rey*, 923 F.2d at 1222-23 (quoting *United States v. Piccolo*, 723 F.2d 1234, 1238-39 (6th Cir. 1983) (citations omitted)).

Here, the indictment sets forth in detail the nature of the conspiracy, and clearly identifies the major players: defendant McMichael, defendant Phillips and Neiheiser. Only two individuals, Business Executive 10 (BE10) and Business Executive 35 (BE35), are unnamed.[5] While their identities are protected by the charging instrument, their role in the conspiracy is laid out with precise detail, which includes the dates these unnamed individuals engaged in certain activity and the specifics of the conversations to which they were parties.[6] Given that the conspiracy involved only a handful of participants, the level of specificity already existing in the indictment is sufficient to permit defendant McMichael to prepare his defense, prevent unfair surprise at trial, and protect against double jeopardy. *See United States v. Savin*, No. 00CR45, 2001 WL

---

[5] BE10 is identified as "the president of Business 14, which was an electrical and technology contracting company located in Bedford Heights, Ohio." (Indictment at ¶ 9.) BE35 is identified as "an owner, agent, or employee of a mechanical contracting company in Cleveland, Ohio." (*Id.* at ¶ 10.)

[6] Additional specificity is provided in the present indictment as to BE10 and his identity. The indictment provides that BE10's office was eventually raided by authorities. (Compl. at ¶ 16EE.) Further information as to BE10's identity can be found in Case No.1:10CR387, the action in which Neiheiser was charged. (*See* Doc. No.1, Count 17, ¶¶ 310, 315, Count 19, ¶¶ 331, 335-338, 343-44, 350.) The Court may rely on the availability of this additional information in denying a motion for a bill of particulars. *See Paulino*, 935 F.2d at 750.

243533, at *5 (S.D.N.Y. Mar. 7, 2001) (noting that the number of co-conspirators is a factor to consider in determining whether the government must disclose the identity of all co-conspirators); *compare United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998) (granting request for names of unindicted co-conspirators where there were approximately 18 such persons, some of whom defendant may never have met, and conspiracy lasted more than three years). As such, the government need not identify all of the alleged co-conspirators.

4. *Substance of Phone Calls on June 18, 2008 and May 23, 2008*

Defendant McMichael also seeks particularity as to the substance of the June 18, 2008 telephone conversation between defendant Phillips and Neiheiser, and the May 23, 2008 telephone conversation between BE10, Neiheiser, and defendants McMichael and Phillips. On August 22, 2011, the Court conducted a telephonic conference with counsel wherein the government represented, and counsel for McMichael's conceded, that the government's computerized discovery included recordings of these phone calls, along with an index as to the participants. As such, this request is moot.

5. *Links Between McMichael and the Air Conditioning Unit*

Defendant McMichael complains that the indictment does not explain how he was involved in defendant Phillip's receipt of the alleged air conditioning unit identified in Paragraph 16A and B of the indictment. Of course, each co-conspirator need not be involved in each and every overt act of a conspiracy. *See United States v. Pursley*, 474 F.3d 757, 768 (10th Cir. 2007) (not necessary that defendant performed overt acts in furtherance of each aspect of the conspiracy). The indictment already affords him

9

substantial information as to the nature of the conspiracy, the identity of the co-conspirators, and the actions taken by these individuals. In essence, defendant McMichael's request can best be understood as a request for additional discovery, rather than need to correct a deficiency in the indictment. As previously noted, however, the pursuit of generalized discovery is not a proper purpose in seeking a bill of particulars. *See Salisbury,* 983 F.2d at 1375*; Hayes,* 1989 U.S. App. LEXIS 13919, at *9; *United States v. Colson*, 662 F.2d 1389 (11th Cir. 1981). The Court finds that defendant McMichael is not entitled to this information in a bill of particulars.

Indeed, it is clear that the impetus for his motion is his desire to focus and streamline his discovery efforts. In his reply, defendant McMichael suggests that the government is seeking to evade a response to a more particularized indictment by providing a massive amount of computerized discovery. He complains that he will be forced "to spend the next four months of his trial preparation fishing for information the Government complied over nearly three years with the assistance of investigators, cooperating witnesses and Grand Jury subpoenas, not just wire taps and documents." (Doc. No. 40 at 3.)

In support, defendant McMichael cites a number of cases where courts have found that the government cannot satisfy its obligation to provide particularization of the charges by dumping massive amounts of documents under the guise of complying with its *Brady* obligations. These cases, however, are inapposite because they involved indictments which failed to provide any information which would have put the discovery

10

into context.[7] *See United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (bill of particulars warranted, in case where "some 4,000 documents" were produced, where indictment for submitting false claims for fire and burglary merely identified fifteen burglaries, leaving the defendants to guess as to which were staged); *Savin*, 2001 WL 243533, at *3 (100,000 pages of discovery did not cure deficient indictment, which merely alleged an unspecified series of financial transactions, "without identifying the amounts, dates, means, corporate entities, or co-conspirators involved"); *United States v. Nachamie*, 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000) (bill appropriate in case where government produced "over 200,000 pieces of paper in hundreds of boxes and files" and indictment failed to identify which Medicare claims were allegedly fraudulent).

In contrast, the present indictment contains a level of detail that the Court rarely sees in charging instruments. The detailed account of the alleged conspiracies will clearly serve as a roadmap for the defendants as they review the discovery provided by the government, and should greatly assist the defendants in formulating word searches of the computerized discovery. Because the particularity sought in the present motion is

---

[7] In fact, the Court notes that, throughout his motion, defendant McMichael cites cases where courts have required bills of particular as to certain information. The inquiry into whether a bill of particulars is necessary, however, is a highly fact-specific inquiry. A review of the cited cases revealed that they often turned on facts and circumstances not present in this case. While the Court will not take the time to distinguish each and every cases relied on by defendant McMichael, it will remind the parties that cases offered in support of positions should be apposite.

unnecessary to assist either defendant in preparing for trial, avoiding surprise, and guarding against double jeopardy, the Court finds that a bill of particulars is unnecessary.

**Conclusion**

For all of the foregoing reasons, defendant McMichael's motion for a bill of particulars is GRANTED in part and DENIED in part. The government shall have until September 6, 2011 to either provide the dates in which defendant McMichael joined the conspiracies, or file a brief explaining why it cannot supply this information. In the event the government files a brief indicating why it cannot supply this information, defendant McMichael may file a response within ten (10) days. Thereafter, the Court will further consider the issue based upon the briefs submitted.

**IT IS SO ORDERED**.

Dated: August 22, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**